JOHNSON V. MITCHELL.

CONTRACTS — CONSIDERATION.— A promissory note was given by defendant solely as collateral security for a debt due plaintiff on account.   Before the giving of the note this account, together with a trust-deed securing it, had been assigned to a third person.   Defendant was ignorant of such assignment, and would not have executed the note had he known of it.   After the assignment, and before the commencement of suit on the note, the assignee received payment in full of the account in question.   The note had not been negotiated.   *Held,* that plaintiff could not recover, there being no consideration for the note.

*Error to Fremont County Court.*

Mr. A. MACON, for plaintiff in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

There is no appearance in this court by defendant in error, and we are at a loss to know upon what ground the court below rendered the judgment challenged by the present proceeding.

The evidence before us, which was properly admitted under the pleadings, shows without serious conflict that the promissory note sued on was given by Johnson solely as collateral security for a debt to Mitchell & Co. upon

account, owed by a certain mining company, of which Johnson was the general manager; that prior to the giving of the note this account, together with a trust-deed securing the same, had been assigned to a third party, and neither Mitchell, the payee of the note, nor Mitchell & Co. retained any interest whatever therein; that Johnson was ignorant of such assignment, and would not have executed the note had he possessed knowledge thereof; that subsequent to the assignment mentioned, and prior to the commencement of suit, the assignee received payment in full of the account in question.

The promissory note in suit was not negotiated, and the action is between the original parties thereto. From the foregoing evidence it appears that there was no consideration in law for the original making of the instrument; also that the consideration upon which the maker supposed he was giving the instrument had failed by payment of the account prior to suit. Clearly, upon the record *as now presented to this court*, plaintiff below was not entitled to recover. The judgment is accordingly reversed.

*Reversed.*